# UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.   ROOM 2042**<br>**NEWARK, NJ 07102**<br>**973-645-3827** |

**Not for Publication**

## LETTER OPINION AND ORDER

April 7, 2009

**VIA CM/ECF**
All counsel of record

      Re:    **Berman v. Ballet Makers, Inc.**
              **Civil Action No. 08-1032 (FSH)**

Dear Counsel:

      This matter comes before the Court by way of Plaintiff Marc N. Berman's ("Plaintiff") Motion for Leave to File an Amended Complaint ("Motion to Amend"). Plaintiff moves to amend his complaint to add a count of common-law tortious wrongful discharge. (Pl.'s Proposed Am. Compl. ¶ 41.) Defendant Ballet Makers Inc. ("Defendant") opposes Plaintiff's Motion to Amend on the grounds of futility and undue delay. (Def.'s Opp'n Brief 1.) The Court does not find undue delay; however, the Court finds that the proposed amendment would be futile because Plaintiff's complaint already alleges wrongful discharge under New Jersey's Law Against Discrimination ("LAD"). (Pl.'s Proposed Am. Compl. ¶ 34.) Therefore, the Court denies Plaintiff's Motion to Amend.

**I. Background**

On September 10, 1981, Plaintiff was hired as an at-will employee by Defendant. (Pl.'s Moving Br. 2.) Plaintiff suffers from chronic mental illness, which he has lived with for most of his life. *Id*. During the period from December 2005 through March 2006, Plaintiff began to suffer from delusions causing him to make accusations against his co-workers; his psychiatrist believes that he was no longer properly responding to his medication. *Id.* at 4. On March 6, 2006, while working for Defendant, Plaintiff believed that a co-worker put acid in his drink; Plaintiff left work and went to his psychologist, who in turn sent Plaintiff to the emergency room. *Id.* at 5. Plaintiff followed up with Defendant on March 7th by informing his supervisor that he would be in the hospital for "a couple of days." *Id.* Plaintiff had no contact with Defendant until March 17th, when Defendant sent Plaintiff a letter informing him of his voluntary resignation pursuant to Defendant's policies and procedures.[1] *Id.*

Subsequently, Plaintiff brought suit against Defendant. Plaintiff's complaint alleged wrongful termination under the LAD. *Id.* at 6. Plaintiff now seeks to add a fourth count in tort for wrongful termination. *Id.* Plaintiff's common-law claim relies upon the *Pierce* doctrine. *Id.* at 8. The *Pierce* doctrine sets out an exception to the general rule at common-law that an employer may terminate an at-will employee without cause where such a termination would be "contrary to a clear mandate of public policy." *Pierce v. Ortho Pharmaceutical Corp.,* 84 N.J. 58, 72 (N.J. 1980). Defendant opposes Plaintiff's Motion to Amend on the grounds that Plaintiff's *Pierce* claim is preempted by the LAD and is merely duplicative of Plaintiff's claim under the LAD. (Def.'s Opp'n Br. 6.)

---

[1] Defendant Ballet Makers Inc.'s policies and procedures provide that if an employee is absent from work for three consecutive days and has not contacted his/her supervisor during that time, it is regarded a voluntary resignation by the employee. (Pl.'s Moving Br. 5.)

**II. Analysis**

The Federal Rules of Civil Procedure provide that a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Furthermore, the rule states that courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied if the court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suziki*, 227 F.3d 107, 121 (3d Cir. 2000). Here, the Court does not find undue delay, bad faith or dilatory motive, or undue prejudice to the non-moving party; however, the Court finds that the proposed amendment would be futile.

An amendment to a complaint is futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (citation omitted); *see also Massarksky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983) (a court "may properly deny leave to amend where the amendment would not withstand a motion to dismiss").

Furthermore, courts have held that where a common-law claim is supplemental to a statutory claim of the same kind, the common-law claim may not be brought. *See Lawrence v. Nat'l Westminster Bank*, 98 F.3d 61, 73 (3d Cir. 1996) (affirming summary judgment on the issue of a public policy claim where the movant also brought a statutory claim and holding that where the sources of public policy relied upon are coterminous with statutory claims, a separate common-law public policy claim may not be brought). Specifically, in a case strikingly similar to this case, where both a common-law claim under *Pierce* and an LAD claim were brought, the Court held that a "[p]laintiff's claim under the *Pierce* doctrine [was] preempted because the sources of public policy

supporting it [were] coterminous with her NJLAD claim." *Capilli v. Whitesell Constr. Co.*, 2006 U.S. Dist. LEXIS 44453, *34 (D.N.J. June 21, 2006).

Moreover, the language of the LAD demonstrates the intent of the Legislature for the statute to be read broadly enough to encompass claims and damages that were available at common-law, making any common-law claims unnecessary. *See Catalane v. Gilian Instrument Corp.*, 271 N.J. Super. 476, 492 (App. Div. 1994). The Legislature's findings and declarations state that:

> [t]he Legislature further finds that because of discrimination, people suffer personal hardships, and the State suffers a grievous harm. The personal hardships include: economic loss; time loss; physical and emotional stress; and in some cases severe emotional trauma, illness, homelessness or other irreparable harm resulting from the strain of employment controversies; relocation, search and moving difficulties; anxiety caused by lack of information, uncertainty, and resultant planning difficulty; career, education, family and social disruption; and adjustment problems, which particularly impact on those protected by this act. Such harms have, under the common law, given rise to legal remedies, including compensatory and punitive damages. The Legislature intends that such damages be available to all persons protected by this act and that this act shall be liberally construed in combination with other protections available under the laws of this State.

N.J.S.A. 10:5-3.

This Court finds that the Legislature intended the LAD to be read to encompass the remedies at common-law for wrongful termination. It further finds that a *Pierce* claim for wrongful termination is preempted by the LAD and would not survive a motion to dismiss. Therefore, Plaintiff's Motion to Amend is DENIED on the ground of futility.

                                                  s/ Michael A. Shipp
                                                  **HONORABLE MICHAEL A. SHIPP**
                                                  **UNITED  STATES  MAGISTRATE  JUDGE**